Lois Piper, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 5, 1980, before Judges WILKINSON, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*James Hook, Hook & Hook,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., June 9, 1980:

Petitioner (claimant) was a registered nurse employed as a daytime supervisor by Curry Memorial Home (employer), a home for the aged operated by Greene County. Effective June 1, 1978, employer transferred claimant from the 7 A.M.-3 P.M. shift to the 3 P.M.-11 P.M. shift.[1] Claimant declined to work

---

[1] Claimant has filed a petition in the Court of Common Pleas of Greene County contesting the modification of her work assignment as a demotion and to force the County Commissioners to grant her a hearing under the Local Agency Law. That action is not relevant in the instant case.

on the new shift assignment. The referee and the Unemployment Compensation Board of Review (Board) found that claimant voluntarily terminated her employment because she was dissatisfied with a change in her work schedule and that this was not a cause of a necessitous and compelling nature. The record contains a letter, marked Exhibit A-4, from employer to claimant, notifying claimant to report to work on the 3-11 P.M. shift on June 30, 1978 or resign. The letter stated that claimant had not worked regularly since June 1, 1978 when her schedule was changed. Claimant never returned to work.

Section 402(b)(1) of the Pennsylvania Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1) provides an employee shall be ineligible for compensation if her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. As the finding that claimant voluntarily terminated her employment is supported by the record, the burden is upon claimant to prove that the reasons for her quit were proper. *Bigley v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 569, 393 A.2d 1312 (1978).

It is claimant's position that on September 26, 1978, an agreement was made that claimant would return to work October 1, 1978 on the 7:00 A.M. shift. Thereafter, but before October 1, 1978, employer told her not to report. There is contradictory evidence as to whether this was because claimant refused to work the 3-11 shift on October 1, 1978. There is no finding on this point and if it were relevant we would have to remand. However, the Board found, after reargument, that it was not relevant and we must agree.

As indicated above, the referee and the Board's findings, supported by the evidence, are that claimant

voluntarily terminated her employment on June 30, 1978. Claimant makes it clear that she is not claiming benefits for unemployment before October 1, 1978. In her letter-petition for reargument and reconsideration before the Board, claimant states:

> In your Findings of Fact, point six, we filed for unemployment after she was refused work on September 30, 1978. *We realize that Mrs. Piper was not entitled to any benefits for work before that date.* . . . We made the fact clear in this case that we were not referring to work between June 4, 1978 and October 1, 1978. (Emphasis added.)

It is claimant's argument that since the offer of reemployment was withdrawn, after her acceptance but before she returned to work, somehow this effected a termination of her employment. The Board's response in its decision, following reargument, is complete:

> Claimant brought about her own unemployment because she did not wish to accept a change in her scheduled working hours for personal and domestic reasons. The eventual new work offer and its subsequent withdrawal by the employer is after the fact.

Stated another way, unemployment which is the result of an unjustified voluntary quit and therefore disqualifying will not be converted into qualifying unemployment by the withdrawal of an offer of reemployment, whether the withdrawal of the reoffer is justified or unjustified.

Accordingly, we will enter the following

ORDER

AND Now, June 9, 1980, the decision of the Unemployment Compensation Board of Review, Decision No. B-168865-B, dated May 14, 1979, affirming the referee and denying benefits is affirmed.