Clarence Tyler, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 5, 1980, before Judges W<small>ILKINSON</small>, J<small>R.</small>, B<small>LATT</small> and W<small>ILLIAMS</small>, J<small>R.</small>, sitting as a panel of three.

*Myles R. Wren,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., June 24, 1980:

Petitioner (claimant) was denied unemployment compensation benefits by the Bureau of Employment Security (now the Office of Employment Security) on the basis that he had voluntarily terminated his employment without cause of a necessitous and compelling nature and so was barred from receiving benefits under the provisions of Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). The denial of benefits was affirmed by the referee and by the Unemployment Compensation Board of Review (Board).

For seven months claimant was employed as a truck driver by a pallet hauling company. His last day of work was August 4, 1978, when he voluntarily quit. The Board found that claimant voluntarily terminated his employment as a result of a disagreement with one of the company owners about the absence from the truck claimant operated of a binder to hold down the cargo. Claimant here argues that he quit his employment when his employer continued to insist that he haul unlawful over-sized loads. Thus the questions presented to us are whether the Board's findings of fact are supported by substantial evidence and whether the Board properly denied unemployment compensation benefits.

Our examination of the record satisfies us that there is substantial evidence to support the Board's findings of fact. At the hearing before the referee, claimant testified that on August 4, 1978 he got into an argument with a company owner about a missing binder and quit. As the finding that claimant volun-

tarily terminated his employment is supported by the record, the question remaining for us is whether claimant met his burden of proving that the reasons for his quit were proper. *Piper v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 99, 415 A.2d 158 (1980). This Court has repeatedly stated that dissatisfaction with working conditions does not constitute cause of necessitous and compelling nature for terminating one's employment. *Johnson v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 376, 409 A.2d 961 (1980).

Accordingly, we will enter the following

ORDER

AND Now, June 24, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-167624, dated January 2, 1979, denying benefits to Clarence Tyler, is affirmed.