Lauren Gaudio, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1981, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Peter T. Welling, Sagot & Jennings Associates,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, April 28, 1981:

Lauren Gaudio appeals an Unemployment Compensation Board of Review decision denying benefits for voluntarily leaving work without cause of a necessitous and compelling nature.[1] We affirm.

Gaudio, a medical secretary for approximately 14 years, arrived 15 minutes late at work on July 13, 1979 and immediately requested permission from her employer to leave work early that day. When the employer said he would make a decision later in the day, a heated argument ensued. When the doctor told her to take the day off to get herself under control, Gaudio said she was quitting. When the doctor asked what she meant, she cursed at him. On July 16, 1979 Gaudio returned to the office, another argument arose, she offered her keys to the doctor and he accepted them and declined her offer to work two weeks longer to train a replacement.

The Office of Employment Security disapproved Gaudio's application for unemployment compensation benefits. After a hearing, the referee found that she was discharged by her employer and that there was no

---

[1] *See* Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

attributable willful misconduct. On appeal, the Board reversed the referee's decision, and concluded that Gaudio had voluntarily terminated her employment with no necessitous and compelling cause for so doing.

Gaudio attacks certain factual findings by the Board, namely her employer was informed she was quitting, that her July 16, 1979 return visit was not for the purpose of reporting back to work, and that the doctor had not discharged her. An applicant seeking unemployment compensation benefits who asserts that her leaving employment was not due to a voluntary termination or that her termination was for cause of a necessitous and compelling nature has the burden of proof. *Bowman v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980). Gaudio's argument focuses upon conflicts between the doctor's and claimant's testimony and upon portions of the doctor's testimony which correspond with hers on some points. Since questions of credibility and evidentiary weight are properly left to the Board, which may reject even uncontradicted testimony, *Watts v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 279, 410 A.2d 976 (1980), we sustain the Board's findings.

Gaudio also contends that the Board erred as a matter of law in determining on the record before it that she had voluntarily terminated her employment. However, her argument is only a restatement of the issue. She has made no alternative argument, offered no evidence to prove that she left for cause of a necessitous and compelling nature, and hence has failed to show a capricious disregard of competent evidence.[2]

Affirmed.

---

[2] In the absence of unjust accusations or abusive conduct, resentment of a reprimand does not constitute a necessitous and compelling reason for resigning from employment, *Sileo v. Unemploy-*

ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-178036, dated November 21, 1979, is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.

*ment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 632, 419 A.2d 2123 (1980) ; *Kistler v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 465, 416 A.2d 594 (1980), nor does dissatisfaction with the employer's method of operating business, *Urista v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 618, 425 A.2d 494 (1981), dissatisfaction with working conditions centering around differences with a supervisor, *Maiers v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 338, 409 A.2d 956 (1980), or arguing with an employer about working conditions, *Tyler v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 294, 415 A.2d 977 (1980).