Smith B. Miller, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 8, 1981, before President Judge CRUMLISH, JR. and Judges BLATT and CRAIG, sitting as a panel of three.

*J. E. Ferens, Jr.,* for petitioner.

*Karen Durkin,* Associate Counsel, with her *Francine Ostrovsky,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, December 18, 1981:

Smith B. Miller (claimant) appeals here from an order of the Unemployment Compensation Board of Review which affirmed the referee in denying benefits on the grounds that the claimant had left his employment without cause of a necessitous or compelling nature. Section 402(b) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

On November 26, 1979 the claimant, a construction inspector who had been employed by the Pennsylvania Department of Transportation (PennDOT) for sixteen years, reported with other employees for reassignment during the winter months when little if any construction work is done. The claimant protested when informed that he was being reassigned as a snow removal radio operator on the midnight to 8 a.m. shift, an assignment involving a change in both location and shift. He protested that it was a less desirable reas-

signment than that afforded others junior to him, but was told that the assignment was final and that nothing could be done to change it. He immediately applied for retirement, and he also applied for unemployment benefits which were denied by the Bureau of Employment Security. The referee and the Board affirmed and this appeal followed.

The burden of proving the existence of necessitous and compelling circumstances sufficient to justify a voluntary termination is upon the claimant, *Borman v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 241, 316 A.2d 679 (1974), and where the claimant has failed to prevail below in such cases, our scope of review is limited to determining whether or not the findings of fact are consistent with each other and with the conclusions of law and whether or not they can be sustained without a capricious disregard of competent evidence. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). The issue of cause of necessitous and compelling nature is a question of law and is, of course, subject to review by this Court. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). As to conditions of employment, and changes therein, the rule is that the claimant, by voluntary acceptance of employment, admits the initial suitability of the wages and conditions thereof, and the presumption of suitability may be overcome only by the claimant's proving that the initial working conditions changed or that when the employment commenced he had been deceived as to, or was not aware of, the conditions later alleged to be onerous. *Kistler v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 465, 416 A.2d 594 (1980).

The claimant here was aware of PennDOT's established practice of reassigning personnel to various

positions in the maintenance department during the winter months. Furthermore, a union meeting had been held prior to the reassignments at which the employees were made aware that other job-openings in the district were being posted upon which they could bid. The requests of most employees who sought such other assignments were then granted. The claimant could have participated in this standard bidding procedure, but chose not to. The option of filing a grievance after learning of his own reassignment was also available to him. Instead, unhappy that he had been reassigned to a location eleven miles from his home and to the midnight shift when others junior to him had been assigned to more desirable shifts, he "walked directly over to the personnel office and told them [he] wished to retire and . . . get out of this ratrace."[1]

We have held previously that neither a change of work schedule, *Piper v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 99, 415 A.2d 158 (1980), nor a change in work site, unless unreasonably distant from one's home, *Womeldorf, Inc. v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 627, 430 A.2d 722 (1981), constitutes sufficient cause for a voluntary termination such as to render a claimant eligible for unemployment compensation. And it is clear that the claimant here could have elected to continue working at his normal rate of pay either by accepting the temporary winter assignment or by successfully bidding on one of the posted positions, both of which were well-established PennDOT employment practices. There was no evidence presented that reassignment during the winter months was not a regular, expected occurrence or that the claimant, who had worked for PennDOT for sixteen years had been previously unaware of this es-

---

[1] Reproduced Record at p. 7a.

tablished practice. We must hold him, therefore, ineligible for unemployment compensation benefits.

ORDER

AND Now, this 18th day of December, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.