520 A.2d 89

Theodore S. Melnychuk, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 27, 1986, to President Judge CRUMLISH, JR., and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Theodore S. Melnychuk,* petitioner, for himself.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, January 15, 1987:

Theodore S. Melnychuk (claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's order denying him benefits. We affirm.

The referee found that claimant was not entitled to these benefits because he was "self-employed" and therefore ineligible under section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h). That section provides that an employee shall be ineligible for compensation for any week in which he is engaged in self-employment. However, where the self-employment activity preceded the separation from full-time work and continued without substantial change after separation, and claimant remains available for full-time work and the self-employment activity is not the primary source of claimant's livelihood, claimant is not self-employed

within the meaning of the Law and is entitled to benefits. *Parente v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 455, 366 A.2d 629 (1976).

In the instant case, the Office of Employment Security (OES) conducted an investigation and denied benefits on the basis that claimant was self-employed. On appeal, the referee found that claimant was employed on a full-time basis as a lawyer with the public defender's office. Simultaneously, he maintained his own private law practice, spending thirty-eight or forty hours a week in this activity, with a gross income for the year 1984 of $17,525. The referee further found that after separation, claimant continued this activity and "did substantially increase his hours of participation in the operation of the business." Claimant made such business his primary source of livelihood, and was actively seeking clients. Thus, the referee denied benefits, and the Board affirmed.

Because it was the OES which conducted the investigation and alleged claimant's self-employment, it carried the burden of proof. *Roche v. Unemployment Compensation Board of Review*, 94 Pa. Commonwealth Ct. 546, 503 A.2d 1103 (1986). This Court's scope of review is to determine whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. This court may examine the record to determine if the evidence presented supports the conclusion that claimant was self-employed. Conclusions as to claimant's self-employment present a question of law subject to review by this Court. *Roche*.

The referee found that prior to his separation, claimant spent thirty-eight to forty hours a week in his activi-

ty as a private lawyer. In addition, Melnychuk testified that after his separation, he spent each day from approximately 9:00 a.m. to 4:30 p.m. in his private law office.

There is no inflexible rule that a mere increase in hours or participation will per se constitute a substantial change in self-employment. It will depend on the circumstances in each particular case. *See e.g. Quinn v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 172, 446 A.2d 714 (1982); *Higgins v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 509, 405 A.2d 1024 (1979).

The record in the instant case shows that claimant, although employed full time in the public defender's office, had an agreement with his employer which permitted him to devote as much time to his private practice as his public defender workload would allow. He testified that his court time as first assistant public defender allowed him to spend not only weekends and evenings, but also a substantial amount of regular working hours in his private practice.

In an unemployment compensation case, questions of credibility and the resolution of conflicting evidence are for the fact finder, who may reject even uncontradicted testimony. *Gaudio v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 52, 428 A.2d 1015 (1981). Moreover, the party prevailing below must be given the benefit of any reasonable inferences which can be drawn from the evidence. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979).

Melnychuk contends that he left a full-time legal position which nonetheless allowed him to devote thirty-eight to forty hours per week to his private law practice to become self-employed in that private practice. This transition, he asserts, took place without substantial increase in his participation in his self-

employment. Yet by his own account, Melnychuk's hours as an employee of the public defender were limited. Consequently, we must conclude that Melnychuk's private practice was always the primary source of his livelihood. Thus, under the test articulated by this Court in *Parente*, Melnychuk is ineligible for benefits.

Accordingly, we affirm the Board.

### ORDER

NOW, January 15, 1987, the order of the Unemployment Compensation Board of Review, No. B-242780, dated August 19, 1985, is affirmed.