**Carrie A. CROCKER, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 12, 2012.

Decided March 15, 2013.

---

Maribeth Wilt–Seibert, Assistant Counsel, Harrisburg, for appellee.

BEFORE: PELLEGRINI, President Judge, and LEADBETTER, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and BROBSON, Judge.

OPINION BY Judge LEAVITT.

Carrie A. Crocker (Claimant) petitions for review of three adjudications of the Unemployment Compensation Board of Review (Board) denying her benefits under the Unemployment Compensation Law (Law).[1] The Board adopted and affirmed the Referee's decision that Claimant's self-employment as a real estate agent was disqualifying. Claimant argues that her self-employment was a sideline activity that did not affect her eligibility for unemployment compensation when she lost her full-time job through no fault of her own. We agree and reverse the Board's denial of benefits.

■ Claimant worked as a salesperson for Met Electrical Testing from June 2007 until July 1, 2009, when she was laid off for lack of work. As a result of her job loss, Claimant filed for unemployment benefits, which she received for a number of weeks.[2] During this entire period of time Claimant worked part-time for Northwood Realty Service as a licensed real estate agent. When the UC Service Center learned of her real estate work, it issued a notice to

Lawrence R. Chaban, Pittsburgh, for appellant.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–914. The Board also affirmed the Referee's determination that Claimant was subject to a non-fault overpayment under Section 804(b) of the Law, 43 P.S. § 874(b), and a non-fraud overpayment under the Emergency Unemployment Compensation Extension Act of 2008, Pub.L. No. 110–449, 122 Stat. 5014 (2008), and the American Recovery and Reinvestment Act of 2009, Pub.L. No. 111–5, 123 Stat. 115 (2009).

2. Claimant collected benefits for the following weeks: September 12, 2009 through January 23, 2010; January 30, 2010 through June 11, 2010; and July 17, 2010 through February 26, 2011. Claimant did not seek benefits for the weeks that she earned commissions from Northwood Realty.

Claimant that she was ineligible for benefits because she was not unemployed. The UC Service Center imposed a non-fault overpayment on Claimant for the weeks she had received unemployment benefits to which she was not entitled. Claimant appealed. At the Referee's hearing, Claimant appeared, but Met Electrical Testing did not.

Claimant testified that she worked full-time for Met Electrical Testing. She took that job for the steady pay and benefits it offered, which was not the case with her real estate work. Her job with Met Electrical was her primary source of income. Nevertheless, she continued to work 25 to 30 hours, usually in the evenings and on weekends, for Northwood Realty. Northwood Realty compensated her on a commission-only basis as an independent contractor and she pays a self-employment tax on that commission income. After she was laid off by Met Electrical Testing, Claimant increased her hours in real estate sales by five to ten hours a week. Northwood Realty allows Claimant to work as many or as few hours as she likes, and she remains available for full-time employment.

The Referee concluded that Claimant was ineligible for benefits because she was not "unemployed" as that term is defined in Section 4(u) of the Law.[3] Specifically, the Referee found that because Claimant could work as many hours as she chose,

she could not be considered unemployed. Claimant timely appealed to the Board, which adopted and affirmed the Referee's decisions. Claimant now petitions for this Court's review.

■ On appeal,[4] Claimant presents two issues for our review. First, Claimant argues that the Board erred in finding that she was self-employed because her real estate job was a sideline activity that did not render her ineligible for benefits when she lost her full-time job. Second, Claimant did not receive an overpayment because the Board erred in finding her ineligible for benefits.

In her first issue, Claimant argues that she meets the eligibility test of Section 402(h) of the Law, 43 P.S. § 802(h), as recently clarified by this Court in *Risse v. Unemployment Compensation Board of Review*, 35 A.3d 79 (Pa.Cmwlth.2012). She also argues that the number of hours she works in a sideline activity is irrelevant to her ability to collect unemployment. To that end, she notes that Met Electrical Testing, not Northwood Realty, was her separating employer. The Board concedes that Claimant is eligible for benefits by reason of her separation from Met Electrical Testing. However, the Board believes that Claimant's increased hours of employment with Northwood Realty means that she is no longer "unemployed" under Section 4(u) of the Law.[5]

3. Section 4(u) of the Law defines "unemployed" as follows:

> An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

43 P.S. § 753(u).

4. Our review in an unemployment compensation case is limited to determining whether there has been a constitutional violation, an error of law, and whether necessary findings of fact are supported by substantial evidence. *Zerbe v. Unemployment Compensation Board of Review*, 545 Pa. 406, 411, 681 A.2d 740, 742 (1996).

5. The Board also argues that an earlier determination by the UC Service Center, finding that Claimant was not self-employed, was not

We begin with a review of the standards for unemployment compensation. Section 401 of the Law states, in relevant part, that "[c]ompensation shall be payable to any employe who is or becomes unemployed...." 43 P.S. § 801. Section 4(u) of the Law defines "unemployed" as follows:

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

43 P.S. § 753(u). The Law distinguishes between disqualifying self-employment and non-disqualifying self-employment, *i.e.,* sideline employment. Section 402(h) states, in relevant part, as follows:

An employe shall be ineligible for compensation for any week—

\*    \*    \*

(h) In which he is engaged in self-employment: Provided, however, that an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in "employment" as defined in this act

and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. Net earnings received by the employe with respect to such activity shall be deemed remuneration paid or payable with respect to such period as shall be determined by rules and regulations of the department.

43 P.S. § 802(h). This Court has construed the exception in Section 402(h) of the Law to apply where the self-employment began prior to termination from full-time employment; has continued without substantial change after the full-time employment was terminated; and was not the primary source of the claimant's livelihood. In that case, the claimant is eligible for unemployment compensation so long as she is available for full-time work. *Kress v. Unemployment Compensation Board of Review,* 23 A.3d 632, 636 (Pa.Cmwlth. 2011).

Here, Claimant testified that her employment with Northwood Realty began in 2004, prior to her employment with Met Electrical Testing, and it continued thereafter. When she was laid off from Met Electrical, she increased her hours of real estate work by five to ten hours a week, which she does in the evenings and on the weekends. Her real estate work has never been the principal source of her livelihood. Further, she remains available for full-time employment. Indeed, Claimant testified that the reason she took the job with Met Electrical Testing was for financial security. In sum, Claimant's work as a real estate agent is sideline self-employ-

appealed, and thus, Claimant cannot now claim that she is self-employed. The Board misses the point. Claimant argues that her real estate employment qualifies as sideline employment, *not* disqualifying self-employment. The UC Service Center's finding that

Claimant is eligible for benefits under Section 402(h) only further supports Claimant's argument that she continues to be eligible. This is especially so because Claimant has shown that there has not been a substantial change in her sideline employment.

ment that does not affect her eligibility for unemployment by reason of her loss of employment with Met Electrical.

The Board argues, however, that even if her real estate work is sideline employment, Claimant is ineligible under Section 4(u) of the Law because she works "full-time."[6] In doing so, the Board relies on *Kelly v. Unemployment Compensation Board of Review*, 840 A.2d 469 (Pa. Cmwlth.2004). *Kelly* is distinguishable.

In *Kelly*, the claimant filed for unemployment benefits after he lost his full-time sales manager position, and he was granted benefits. Two months later, the claimant began full-time employment in real estate sales on a commission basis while continuing to receive unemployment benefits. When the claimant earned his first commission, he reported it to his local job center. It terminated his unemployment compensation, and the claimant appealed.

We held that the claimant was not "unemployed" as that term is defined in Section 4(u) of the Law because his work provided "remuneration [that] could *eventually* be payable to him." *Kelly*, 840 A.2d at 472 (emphasis in original). The fact that he had no earnings for three months was irrelevant because the amount of compensation is not relevant to the question of whether a person is engaged in employment. We held that the claimant was employed and, thus, not eligible for benefits. Notably, because the claimant began his full-time real estate employment two months after his separation from his former employment, it is not clear that he would have been able to meet the exception provided in Section 402(h) of the Law.

Here, Claimant began her work in real estate sales prior to her termination from Met Electrical. The holding in *Kelly* is distinguishable, but to the extent it conflicts with our holding here, we overrule *Kelly*. This Court has held that "[t]here is no inflexible rule that a mere increase in hours or participation will per se constitute a substantial change in self-employment. It will depend on the circumstances in each particular case." *Melnychuk v. Unemployment Compensation Board of Review*, 103 Pa.Cmwlth. 200, 520 A.2d 89, 91 (1987). By increasing her hours by five to ten hours per week, Claimant did not effect a substantial change in her sideline activity. The Board erred in otherwise holding, and Claimant is eligible for unemployment benefits.

In her second issue, Claimant challenges the Board's findings of overpayment. Because we have reversed the Board's holding that she was ineligible, we also reverse the Board's order regarding overpayments.

Accordingly, we reverse the Board and find Claimant eligible for unemployment compensation benefits for the weeks at issue.

### *ORDER*

AND NOW, this 15th day of March, 2013, the orders of the Unemployment Compensation Board of Review dated January 12, 2012, in the above-captioned cases are hereby REVERSED.

---

**6.** The Board also argues that Claimant is not eligible for benefits because she did not make a "valid application for benefits" under Section 401(c) of the Law, 43 P.S. § 801(c). However, that argument is premised on the finding that she was not "unemployed" under Section 4(u) of the Law, 43 P.S. § 753(u). As such, we will not independently discuss that argument.