Frank Parente *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Frank Parente, Appellant.

Argued October 28, 1976, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Michael J. Murphy,* with him *Robert T. Kane,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, December 10, 1976:

Appellant, Frank Parente, was denied unemployment compensation by the Bureau of Employment Security on the ground that he was "self-employed" and thus ineligible to receive benefits under Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. 2897, *as amended,* 43 P.S. §802(h). The referee affirmed the

Bureau and the Unemployment Compensation Board of Review adopted the referee's findings of fact and also affirmed. This appeal ensued. We affirm the Board's decision.

The uncontested findings of fact adopted by the Board are that the appellant was employed by· the United States Steel Corporation (U.S. Steel) until November 20, 1975 when he was laid off for lack of work. On April 5, 1974, while still employed by U.S. Steel, the appellant had registered with the Prothonotary of Allegheny County a corporation known as Aries Bicycle, Inc. (Aries). Appellant is the president of Aries and owns 100% of the stock and exercises a substantial control over the corporation.[1] Aries, a bicycle sales and repairs business, was a sideline activity pursued by the appellant while employed full-time by U.S. Steel. It was also pursued by the appellant after his layoff on November 20, 1975.

Section 402(h) of the Law, 43 P.S. §802(h), provides, *inter alia*, that:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (h) In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-

---

[1] For purposes of Section 402(h), a person is deemed "self-employed," when he conducts his business as a corporate entity, if he has a substantial degree of control over the corporation. *Starinieri Unemployment Compensation Case*, 447 Pa. 256, 289 A.2d 726 (1972). In the instant case the fact that the appellant had "substantial control" over Aries is uncontested.

time work whether or not said work is in 'employment' as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. . . .

Under Section 402(h), it is clear that if the appellant had initially embarked on his business venture immediately *after* his severance from U.S. Steel, then he would be deemed "self-employed" and thus ineligible for benefits. *Alick Unemployment Compensation Case*, 194 Pa. Superior Ct. 28, 166 A.2d 342 (1960). The proviso of Section 402(h), however, precludes disqualification under the following conditions: (1) that the self-employment precedes valid separation from full-time work; (2) that the self-employment continues without substantial change after separation; (3) that the claimant remains available for full-time work after separation; and (4) that the self-employment is not the primary source of the claimant's livelihood. Appellant met all of the conditions, except the second. His testimony clearly demonstrated that his participation in the business and affairs of Aries increased substantially after the layoff. Hence, the referee properly found:

6. The claimant's side line activity, after his lay off, did not continue without substantial change. Claimant devotes more time to the side line activity after a lay off, rather than when he is working full time.

Further, the referee also properly found as fact that he was unable to obtain information from appellant concerning the gross receipts of Aries for 1974 and thus reasoned that he was in no position to conclude that this business activity was not the primary source of livelihood for the appellant. Although Mr. Parente testified that Aries had sustained losses in 1974 and 1975, he declined to provide the referee with

information as to the corporation's gross receipts or his capital investment in the corporation.

Accordingly, we enter the following order:

ORDER

AND Now, this 10th day of December, 1976, it is Ordered that the appeal of Frank Parente be and is hereby dismissed and that the decision of the Unemployment Compensation Board of Review be and is hereby affirmed.