Gerald C. Higgins, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 10, 1979, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Thomas G. Wagner,* for petitioner.

*GuruJodha Singh Khalsa,* Assistant Attorney General, with him *Susan Shinkman,* Assistant Attorney General, and *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, September 7, 1979:

The Unemployment Compensation Board of Review affirmed the referee's decision that claimant Gerald C. Higgins was ineligible to receive benefits because he was self-employed, as specified by Section 402(h) of the Unemployment Compensation Law (Law), 43 P.S. §802(h).[1] We affirm the board.

Section 402(h) provides that:

An employee shall be ineligible for compensation for any week—

. . . .

(h) In which he is engaged in self-employment: Provided, however, That an employee who is able and available for full time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity . . . undertaken while customarily employed by an employer in full time work whether or not said work is in 'employment' as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. 2897, *as amended.*

The proviso of Section 402(h) precludes disqualification under the following conditions: (1) that the self-employment activity precedes valid separation from full-time work; (2) that it continues without substantial change after separation; (3) that the claimant remains available for full time work after separation; and (4) that the self-employment activity is not the primary source of the claimant's livelihood. *Parente v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 455, 366 A.2d 629 (1976).

The sole issue claimant raises on appeal is whether the Board correctly found that the nature of his self-employment substantially changed after his separation from the Target Corporation.

The findings of fact, as adopted by the Board, are supported by substantial evidence. Claimant testified that, in 1974, he had become a 28% owner in a partnership known as the Factory Outlet, where he worked approximately ten hours every third week, while employed by Target Corporation, his last employer. His employment with Target ended November 15, 1977.

This case is controlled by our ruling in *Parente, supra,* where we held that the sideline activity has substantially changed if the claimant devotes more time to it after the layoff than before.

The referee's finding that, after claimant's separation from full-time employment, he began working eight to nine hours on each of five days per week in the Factory Outlet business, supports the Board's determination that claimant's participation in his business had substantially changed; therefore, claimant did not fall within the qualifying proviso of Section 402(h).

Accordingly, we will dismiss the appeal and affirm the board.

512

ORDER

AND Now, this 7th day of September, 1979, it is ordered that the appeal of Gerald C. Higgins be dismissed and that the decision of the Unemployment Compensation Board of Review be affirmed.