Richard G. Seidof, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1979, before Judges Wilkinson, Jr., Blatt and MacPhail, sitting as a panel of three.

*Ronald J. Mishkin,* with him, *Mark S. Love,* of *Mervine, Brown and Newman,* P.C., for petitioner.

*Elsa D. Newman,* Assistant Attorney General, with her, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 19, 1980:

The Unemployment Compensation Board of Review (Board) affirmed a referee's decision that Richard G. Seidof (claimant) was ineligible to receive benefits because he was self-employed as specified by Section 402(h) of the Unemployment Compensation Law (Law)[1] which provides that:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (h) In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity . . . undertaken while customarily employed by an employer in full-time work whether or not such work is in 'employment' as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood.

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

This provision precludes disqualification, however, if all of the following conditions are satisfied: (1) the self-employment activity precedes a valid separation from full-time work; (2) it continues without substantial change after separation; (3) the claimant remains available for full-time work after separation; and (4) the self-employment activity is not the primary source of the claimant's livelihood. *Parente v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 455, 366 A.2d 629 (1976).

It is uncontroverted that the claimant here has met conditions (1), (3) and (4) set out above. The sole issue raised on appeal, therefore, is whether or not the Board correctly found that the nature of the claimant's self-employment was substantially changed after his separation from the Flory Milling Company (Company).

The claimant testified that, prior to his last day of his work at the Flory Milling Company, he had established a feed business in which he personally participated only to a minor degree. Subsequently, however, he expanded the general area and type of this business, and testified that he then spent more time at the store. His financial statement in the record shows an increase in profits beginning at the time his services with the Company were terminated.

We believe that the findings of fact made by the referee and adopted by the Board are based on substantial evidence that the claimant's self-employment did *not* continue without substantial change after separation from his other employment.

The order of the Board is therefore affirmed.

ORDER

AND Now, this 19th day of February, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

This decision was reached prior to the death of President Judge BOWMAN.

Judge DiSALLE did not participate in the decision in this case.