Richard F. Bruno, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Richard F. Bruno,* petitioner, for himself.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, March 6, 1981:

The petitioner, Richard F. Bruno, appeals from a decision of the Unemployment Compensation Board of Review (Board) which found him to be ineligible for benefits because he was self-employed. Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

The petitioner is a certified public accountant whose last full-time employment was as an accountant and auditor for John Benkhart & Son from Septem-

ber 12, 1977 until December 31, 1977.[1] From 1965 through November of 1978, he had also been engaged in a part-time business preparing tax returns in his home. In late November of 1978, he rented an office, furnished it with office furniture brought from his home, installed a telephone and continued his tax return preparation business there. He also held himself out there as a real estate broker, having received his real estate license in August of 1978, and his office was inspected and approved by the Pennsylvania State Real Estate Commission as required by law in February of 1979.

The petitioner received unemployment benefits from July 2, 1978, through January 27, 1979, and on March 20, 1979, he applied for extended benefits under Section 401-A of the Law, added by Section 2 of the Act of February 9, 1971, *as amended*, 43 P.S. §811, which application was denied by the Office of Employment Security on the ground that he was self-employed and that Section 402(h) of the Law, 43 P.S. §802(h) rendered him ineligible. Upon appeal and after a hearing, a referee upheld the denial of benefits and that decision was affirmed by the Board.

Section 402(h) provides that a person who is self-employed is ineligible for unemployment benefits unless four conditions are established: (1) the self-employment must have begun prior to a valid termination of full-time employment; (2) it must have continued without substantial change after the termination; (3) the claimant must maintain his availability for full-time employment after the termination, and, (4) the self-employment activity must not be the primary source of the claimant's livelihood. *Seidof v. Unemployment Compensation Board of Review*, 49

---

[1] The petitioner's eligibility for unemployment compensation due to his separation from that job is not in dispute.

Pa. Commonwealth Ct. 358, 410 A.2d 1322 (1980); *Parente v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 455, 366 A.2d 629 (1976). The Board here found that the petitioner was ineligible because he had substantially changed his part-time business by opening an office for preparing tax returns and by establishing a real estate operation.

The petitioner admits that renting an office represented a change in his part-time business but he contends that such a change was not "substantial" in that the office was small, the rent was low, he had no lease, his equipment was brought from home and he incurred monetary losses in the business.

We must agree with the Board that there was a substantial change in the petitioner's self-employment activity. His decision to move from his home into a separate office and to install a business phone there represents a significant change in his business operation and an active attempt on his part to attract additional customers and increase his work volume.[2] His failure to realize profits from this venture does not necessarily refute the conclusion that the change in his business was substantial.[3]

We must, therefore, affirm the decision of the Board.[4]

---

[2] The record reveals that the number of tax returns prepared by the petitioner increased from approximately 21 in the preceding year to 30 in the year after he opened the office.

[3] The profitability of the part-time business is relevant as to whether or not the self-employment was the primary source of the petitioner's livelihood. *See Parente v. Unemployment Compensation Board of Review, supra.*

[4] We would also note that the institution of the petitioner's real estate operation contributed to the substantiality of the change and may itself have been sufficient to disqualify the petitioner in that his business as a licensed real estate broker did not precede his separation from full-time employment. *See Balmer v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 568, 368 A.2d 1349 (1977).

### Order

AND Now, this 6th day of March, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.