Margaret Quinn, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Anthony B. Quinn,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, June 17, 1982:

The claimant here was denied benefits by the Unemployment Compensation Board of Review (Board) on the basis that she was "self-employed" and thus ineligible under Section 402(h) of the Unemployment Compensation Law.[1]

The following facts are supported by substantial evidence in the record.[2] The claimant was last employed on a full-time basis by the Internal Revenue

---

[1] (Act) of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

[2] It is axiomatic that our scope of factual review is limited to a determination of whether or not the necessary findings of fact were supported by substantial evidence in the record. *See Lee v.*

Service for a period of 11 years and she was laid off on June 29, 1979 because of a lack of work. Concurrent with her full-time employment, she was the sole owner[3] of a business called the Hobby Shop, located in her home, and she devoted four hours each evening and ten hours on Saturdays to work in the shop. After being laid off from her full-time position, however, she operated this business in her home ten hours a day, six days a week.

Section 402(h) renders a claimant ineligible for benefits for any week in which he or she is engaged in self-employment. But,

> [t]he proviso of Section 402(h) precludes disqualification under the following conditions: (1) that the self-employment precedes valid separation from full-time work; (2) that it continues without substantial change after separation; (3) that the claimant remains available for full time work after separation; *and* (4) that the self-employment activity is not the primary source of the claimant's livelihood. Parente v. Unemployment Compensation Board of Review, 27 Pa. Commonwealth Ct. 455, 366 A.2d 629 (1976). (Emphasis added.)

*Higgins,* 45 Pa. Commonwealth Ct. at 511, 405 A.2d at 1025 (1979). And, it is clear that, for the above proviso to obtain, *all* four of its conditions must be met. *Seidof v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 358, 410 A.2d 1322 (1980); *Higgins; Parente.* The Board found here that

---

*Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 480, 426 A.2d 757 (1981); *Higgins v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 509, 405 A.2d 1024 (1979). And, of course, we may review the Board's adjudication to determine whether or not there was an error of law. 2 Pa. C. S. §704.

[3] Said business was left to her by her husband who passed away in 1973.

the claimant had failed to satisfy the second and fourth conditions.

The claimant here submitted into evidence her 1978 Federal Income Tax Return which indicated that she had a net loss of $51.26 on the shop during that year. This figure, when compared to the $8,069.76 she received in wages from her full-time job, clearly indicates that the Internal Revenue Service job was her primary source of income for 1978. The issue here, therefore, becomes whether or not the claimant's sideline activity *substantially* changed after her separation from her full-time job in 1979.

The claimant argues that substantial change, as envisioned by Section 402(h) of the Act, means evidence of increased profits from the sideline activity, during the period of unemployment. This case is controlled, however, by our decisions in *Higgins* and *Parente*. In *Higgins,* the claimant worked approximately ten hours every third week in a sideline activity while being a full-time employee elsewhere. And, after being separated from such full-time employment, he began working eight to nine hours on each of five days per week in the sideline activity. We held, relying on *Parente,* "that the sideline activity has substantially changed if the claimant devotes more time to it after the lay-off than before." *Higgins,* 45 Pa. Commonwealth Ct. at 511, 405 A.2d at 1025.

It is clear that the claimant here worked four hours each evening and ten hours on Saturday before being laid off and ten hours a day, six days a week after being laid off. We must therefore find *Higgins* to be controlling and we must affirm the order of the Board.

### Order

And Now, this 17th day of June, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

176

Judge MENCER did not participate in the decision in this case.