520 A.2d 1250

William S. Kosciuszko, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Anthony J. Kosciuszko,* with him, *Annette M. Hutchison,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, February 11, 1987:

William Kosciuszko, Claimant, appeals the decisions and orders of the Unemployment Compensation Board of Review (Board) allowing unemployment compensation based on wages earned by Claimant as a driver of equipment owned by Claimant and leased to Yellow Freight System (Yellow Freight) but disallowing unemployment compensation based on remuneration received from Yellow Freight for the use of Claimant's equipment.

Claimant had filed an appeal to this Court in March, 1983 from the Board's order affirming the referee's total denial of compensation. This Court remanded the appeal to the Board for the purpose of oral argument on the issues presented in the appeal. The Board scheduled oral argument at which there were no appearances. The Board then vacated its prior orders and issued two new decisions in which it found the following facts: (1) that Claimant had been associated with Yellow Freight as a truck owner-operator since 1968; (2) that the lease agreement between Claimant and Yellow Freight is currently in effect; (3) that Claimant has the option of hiring a driver but elects to operate his own equipment; (4) that Claimant has complete responsibility for the maintenance and operation of his equipment; (5) that Claimant receives one check from Yellow Freight for the rental of his equipment and one check representing wages earned as driver of the equipment; and (6) that during the various claim weeks at issue, Claimant operated his equipment less than full-time due to a lack of work.

The Board allowed Claimant benefits based on his earnings as a driver for Yellow Freight and disallowed Claimant benefits based on earnings received from the lease of his equipment to Yellow Freight pursuant to Section 402(h) of the Pennsylvania Unemployment Compensation Law[1] which precludes payment of unemployment compensation to a claimant for any week:

In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in 'employment' as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. Net earnings received by the employe with respect to such activity shall be deemed remuneration paid or payable with respect to such period as shall be determined by rules and regulations of the department.

The Board reasoned that Claimant's capacity as lessor of tractor-trailer equipment to Yellow Freight constituted self-employment precluding Claimant's receipt of unemployment benefits based on earnings in that capacity.

Claimant argues on appeal to this Court (1) that the referee, who heard the appeal from the Office of Employment Security's determination prior to the Board's

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h).

review, failed to make adequate findings of fact; (2) that the referee's findings are inconsistent with each other and should not be binding on the court; (3) that the Board capriciously disregarded the evidence of record in finding Claimant self-employed; and (4) that the Board erred as a matter of law in precluding Claimant's receipt of benefits based on remuneration received as owner of the leased equipment.

Preliminarily, we would note that the referee's findings and conclusions are no longer of any interest, either to the parties or to this Court. Claimant appealed the referee's determinations to the Board, the ultimate finder of fact;[2] *a fortiori,* the findings and conclusions of the Board must be the focus of this appeal.

Second, this Court may no longer apply the capricious disregard standard. In *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986), the Pennsylvania Supreme Court determined the capricious disregard standard is an improper standard; that in all agency appeals the proper standard is that articulated at Section 704 of the Administrative Agency Act, 2 Pa. C. S. §704, requiring that this Court affirm the Agency's decision unless constitutional rights have been violated, an error of law committed, or necessary findings of fact are not supported by substantial evidence.

Claimant argues in support of his appeal that contrary to the Board's findings, he is not self-employed, that his lease agreement with Yellow Freight simply allows Claimant to refer qualified drivers to Yellow Freight in the event Claimant chooses not to operate his own equipment. Since he cannot unilaterally hire a

---

[2] *See* Sections 422 and 424 of the Law, 43 P.S. §§822 and 824 respectively. *See also Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

driver to operate his equipment, as the Board found, Claimant asserts, he is not self-employed.

Claimant also cites *Parente v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 455, 366 A.2d 629 (1976), for the proposition that a claimant may not be disqualified under Section 402(h) if the following conditions are met: (1) the self-employment activity precedes valid separation from full-time work; (2) it continues without substantial change after separation; (3) the claimant remains available for full-time work after separation; and (4) the self-employment activity is not the primary source of the claimant's livelihood. Claimant asserts that his circumstances parallel the above conditions and that, therefore, the Board's denial of compensation based on his earnings as owner of the equipment is error.

The Board argues that Claimant may not cite the lease agreement because it was not properly entered into evidence. Also, the Board concedes that the first three conditions set out in *Parente* are met. The Board does not concede the fourth condition, however, arguing that since the record establishes that Claimant receives 23% of the gross income from each trip in wages as the driver and 49% of the gross income in rental, his sideline business is his primary source of income.

We will affirm the Board, but not for the reason asserted by the Board. *See Haney v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982) (an appellate court will affirm the action below where an administrative agency assigns an erroneous reason to a correct decision and the record clearly shows the correct basis for that decision). Section 401(a) of the Law, 43 P.S. §801(a), permits payment of compensation to "any employe who is or becomes unemployed, and who (a) has, within his base year, been paid wages for *employment. . . ."* (Emphasis supplied.)

"Employment" is defined at Section 4(1)(1) of the Law, 43 P.S. §753(1)(1), as "all personal service performed for remuneration by an individual under any contract of hire, express or implied, written or oral. . . ." Under subsection (2)(B) of Section 4(1) "Services performed by an individual for wages shall be deemed to be employment . . . , unless and until it is shown . . . that —(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession, or business."

Remuneration received by Claimant from Yellow Freight as lessor of tractor-trailer equipment cannot be deemed wages paid for personal services performed. Nor is there any doubt that equipment rental is an independent business. Thus, Claimant may not receive employment benefits based on remuneration representing rental received from Yellow Freight for lease of Claimant's equipment.

We will affirm the Board's orders.

ORDER

AND NOW, this 11th day of February, 1987, the decisions and orders of the Unemployment Compensation Board of Review, Nos. B-215429-B and B-215428-B, dated January 23, 1985, are hereby affirmed.