Thomas J. DAUSCH, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 12, 1997.
Decided Feb. 19, 1999.

Thomas J. Dausch, Pittsburgh, for petitioner.

Maribeth Wilt-Seibert and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before COLINS, President Judge, LEADBETTER, J., and JIULIANTE, Senior Judge.

LEADBETTER, Judge.

Thomas Dausch (claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) affirming the decision of a referee which: (1) disallowed benefits for the weeks ending October 7, 1995 through November 4, 1995 under section 402(h) of the Unemployment Compensation Law (Law);[1] (2) imposed liability on claimant for a fault overpayment under section 804(a) of the Law;[2] and (3) imposed a seven week penalty under section 801(b) of the Law.[3]

---

**1.** Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h).

**2.** Section 804(a) of the Law, 43 P.S. § 874(a), provides, in pertinent part:

Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him and interest at the rate determined by the Secretary of Revenue.

**3.** Section 801(b) of the Law, 43 P.S. § 871(b), provides, in pertinent part:

Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation or other payment under this act ... may be disqualified in addition to such week or weeks of improper payments for a penalty period of two weeks and for not more than one additional week for each such week of improper payment.

Claimant is a licensed attorney and a certified public accountant. He was last employed in an accounting position by J.G. Kesich & Associates (Kesich). While employed there, claimant also engaged in a sideline legal and accounting practice. After claimant was laid off from Kesich in May 1995, he continued his sideline business and began receiving unemployment compensation benefits, which were to terminate on November 4, 1995. In October 1995, since his search for a job had to that point proved unsuccessful, claimant leased office space (the lease) in the hope of expanding his sideline business into a business that could support his family. During October, claimant painted the walls and shelving of the leased office space, refinished furniture and moved it into the office and installed a phone system. Claimant also arranged for advertisements of his business to appear in November issues of newspapers and magazines. Claimant began occupying the office space on November 10, 1995.

Based on a tip received by its fraud hotline, the Office of Employment Security (OES) commenced an investigation of claimant's activities and ultimately issued determinations disapproving benefits for the weeks ending October 7, 1995 through November 4, 1995 and imposing a fault overpayment and penalties. Claimant appealed the determinations. After a hearing, the referee affirmed the OES in a written decision. Claimant then appealed to the Board, which affirmed

without making independent findings of fact. This appeal followed.

The sole issue before[4] us is whether the Board was correct in affirming the referee's conclusion that the nature of claimant's sideline business substantially changed when claimant leased, painted and furnished office space and made preparations to expand the business. After review,[5] we reverse.

Under section 402(h) of the Law, 43 P.S. § 802(h),[6] an employee is ineligible for benefits for any week that he is engaged in self-employment. A claimant may not be disqualified due to self-employment, however, if the following four conditions are satisfied: (1) the self-employment activity precedes valid separation from full-time work; (2) the self-employment activity continues without substantial change after separation; (3) the claimant remains available for full-time work after separation; and (4) the self-employment activity is not the primary source of the claimant's livelihood. *LaSalle v. Unemployment Compensation Bd. of Review*, 105 Pa. Cmwlth. 16, 522 A.2d 1160, 1162 (1987). The referee concluded that while claimant had established conditions one, three and four, he had not established that his sideline business continued without substantial change after separation from Kesich. Accordingly, the referee ruled that claimant became self-employed within the meaning of Section 402(h) when he took possession of his office on

---

4. Initially, the issues before us were: (1) whether claimant's execution of the lease and preparations to expand his business constitute a substantial change in the sideline business, rendering him ineligible to receive benefits; (2) whether the record supports the determination that claimant demonstrated the culpability necessary for the imposition of a fault overpayment; and (3) whether the record supports the determination that claimant knowingly failed to disclose a material fact such that the imposition of a penalty is proper. Because the Board now concedes, citing our decisions in *O'Hara v. Unemployment Compensation Bd. of Review*, 167 Pa.Cmwlth. 636, 648 A.2d 1311 (1994) and *FSI Trading Co. v. Unemployment Compensation Bd. of Review*, 156 Pa.Cmwlth. 343, 627 A.2d 270 (1993), that claimant is not liable for a fault overpayment or a penalty, we reverse its order directing recoupment under those sections.

5. Based on the remaining issue raised on appeal, our scope of review is limited to a determination

of whether an error of law was committed. *Peoples First Nat'l Bank v. Unemployment Compensation Bd. of Review*, 159 Pa.Cmwlth. 134, 632 A.2d 1014, 1016 n. 3 (1993).

6. Section 402(h), 43 P.S. § 802(h), provides, in pertinent part, that an employee is ineligible for compensation for any week:

(h) In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in "employment" as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood.

October 1, 1995, and was therefore ineligible for benefits during the month of October and the first week of November. We disagree and conclude that mere preparations undertaken to expand a sideline business during the final month of receipt of unemployment compensation benefits do not constitute a substantial change in the sideline business.[7]

There is no evidence in the record that claimant actually performed any legal or accounting services during October or early November 1995 or even worked from the office space prior to the termination of his benefits. Nor is there any evidence of increased solicitation of business or advertisement of the business prior to termination. Rather, claimant placed advertisements that would not run until after his benefits had terminated.[8] To require individuals in claimant's position to wait until their benefits have terminated to begin preparing to support themselves and their families is unrealistic and counterproductive.

Accordingly, we conclude that claimant's sideline business activity did not substantially change after his separation from Kesich within the meaning of section 402(h) of the Law and reverse the Board's order disallowing claimant's benefits for the period October 7, 1995 through November 4, 1995.

## ORDER

AND NOW, this 19th day February, 1999, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.

---

7. In determining whether a substantial change has occurred in a sideline business, we have focused primarily on whether a claimant is working in the activity for significantly more hours than he did prior to separation. *See Quinn v. Unemployment Compensation Bd. of Review*, 67 Pa.Cmwlth. 172, 446 A.2d 714 (1982)(substantial change found where claimant worked 30 hours weekly prior to lay-off and 60 hours weekly after lay-off); *Higgins v. Unemployment Compensation Bd. of Review*, 45 Pa.Cmwlth. 509, 405 A.2d 1024 (1979)(substantial change found where claimant worked ten hours every third week prior to separation from employment and 40–45 hours weekly post-separation); *Parente v. Unemployment Compensation Bd. of Review*, 27 Pa.Cmwlth. 455, 366 A.2d 629 (1976). In these cases, the claimants worked in the sideline activity after separation for at least twice as many hours as they had pre-separation. The present case is distinguishable in that claimant did not work at all in the sideline activity itself during the weeks at issue. Rather, he spent time renovating office space. In any event, the significant increase in the hours spent in the business is simply not present here.

8. We note that had claimant actually began occupying his office space and advertising for and performing services for clients prior to November 4, 1995, our conclusion would be different. In that regard, the referee's finding of fact number 17 provides that after claimant took possession of the office, he "performed services as a CPA and an attorney for various clients." To the extent that the referee found that claimant carried on business between October 1 and November 4, 1995, however, we conclude that such finding is unsupported by the record.