**Laurence C. KRESS, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 3, 2011.

Decided June 23, 2011.

---

Laurence C. Kress, Duncannon, pro se.

Paul R. Jordan, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and BUTLER, Judge.

OPINION BY Judge PELLEGRINI.

Laurence C. Kress (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying him unemployment compensation benefits pursuant to Section 402(h) of the Unemployment Compensation Law (Law)[1] because he was engaged in the independent practice of law and did not satisfy all of the conditions of the exceptions to the general disqualifications for the practice of law as a sideline activity under Section 402(h) of the Law. He also appeals from the Board's decision that he violated Section 4 of the Law[2] which

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937), 2897, *as amended,* 43 P.S. § 802(h). That section provides that an employee shall be ineligible for compensation for any week as follows:

> ... in which he is engaged in self-employment. Provided, however, that an employee who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity in-

cluding farming operations undertaken while customarily employed by a employer in full-time work, whether or not such work is in "employment" as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as primary source of livelihood ...

2. 43 P.S. § 753(*l* )(2)(B). That section provides, relevant part:

deals with being an independent contractor.

Claimant began working for the law firm of Scaringi & Scaringi (Employer) as an associate attorney on November 1, 2008, but he was laid off on March 19, 2010, due to lack of work. Prior to working at the law firm, Claimant represented indigent defendants in federal criminal proceedings pursuant to an appointment by the Third Circuit Court of Appeals under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. After commencing employment with Employer, Claimant continued to represent the indigent defendants but pursuant to an agreement between Claimant and Employer, Claimant turned over to Employer the $125 per hour he was paid for handling CJA cases. When terminated, Claimant took his CJA cases with him and continued to work on them from his home.

Claimant filed for unemployment compensation benefits. The Department of Labor and Industry's Office of UC Benefits (the Department) determined that Claimant was eligible for benefits under Section 402(h) of the Law because Claimant worked in regular employment while engaged in his self-employment, his regular earnings of $65,000 per year exceeded the net profit of approximately $10,000 from his self-employment, he did not substantially increase his involvement in the self-employment following the loss of his regular employment, and Claimant was able and available for full-time work. Therefore, Claimant's business qualified as a sideline business and benefits were allowed.[3]

Employer appealed, and a hearing was held before the Referee. Claimant testified that he was previously employed full-time as an associate attorney for Employer and was earning $65,000 annually. Currently, he was working in the sideline business representing indigent defendants but held no other employment. Regarding the sideline business, he stated that before he was employed by Employer, he became a member of the Criminal Justice Act Panel which was a panel of attorneys who were selected to receive court appointments to represent indigents in Federal Court. He continued to do that work while employed by Employer and admitted that once he received payment for the CJA cases he handled at $125 per hour, he gave that money to Employer. He explained that there were no other attorneys at Employer's firm that could do that type of work. Claimant stated that he continued to do that work after he was terminated by Employer but has been able and available for full-time work since his termination and has not engaged in any other type of employment since his separation from Em-

---

(2) The term "**Employment**" shall include an individual's entire service performed within or both within and without this Commonwealth, if—

\* \* \*

Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an in-dependently established trade, occupation, profession or business.

3. In a separate decision, the Department had to determine whether Claimant was guilty of willful misconduct under Section 402(e) of the Law, 43 P.S. § 802(e). Because Claimant stated on his questionnaire that he worked to the best of his ability and Employer failed to return the questionnaire that was mailed to it regarding Claimant's separation, the Department determined that Employer did not sustain its burden of proof and benefits were allowed. At the hearing before the Referee, Employer waived the Section 402(e) issue.

ployer. He also stated that there had not been any increase in the volume of his sideline employment; he did not take any other clients from Employer other than the CJA clients; he did not engage in any advertising; he did not rent space; and he did not solicit clients.

Claimant explained that he cleared out the spare bedroom in his house to use as his office, used his home phone number for business calls and used his personal e-mail address. He also created letterhead to send a letter to Employer, but stated that he did not create his own practice. However, he did create business cards for his CJA clients for the benefit of Federal clients so that they would have contact information. He also opened a post office box and obtained malpractice insurance. However, he stated that he had already turned down other clients that were not CJA clients and was looking for work with a firm. Claimant stated that his termination of employment resulted in a substantial loss of income and that he had no other income other than about a dozen CJA clients. On cross-examination, Claimant stated that it was within his discretion whether to accept the CJA cases; he worked independently on cases referred to him by the Middle District; was not supervised; and did not have a set number of hours he worked every day on the CJA cases. He stated that he was not willing to accept cases that were not referred to him by the Middle District at this time because he was not starting his own practice.

■ The Referee determined that because Claimant brought the CJA clients with him to Employer; performed those duties as part of his job and signed the paychecks over to Employer; Claimant left Employer and continued to work on those cases with a dozen cases pending; Claimant could accept or reject cases on his own without suffering consequences other than loss of income; Claimant was not supervised while performing these duties; Claimant had malpractice insurance, stationery with his letterhead, business cards and a post office box; Claimant did not operate a sideline activity while employed full-time. The Referee then determined that because Claimant was free to accept other CJA clients and non-CJA clients alike, and was free from direction and control when conducting his business, he was self-employed. The Referee denied benefits under Section 402(h) of the Law and Claimant appealed to the Board which affirmed stating the following:

> The claimant, however, is ineligible for benefits under Section 402(h) and 4($l$)(2)(B) of the Law for engaging in the independent practice of law. The claimant does not satisfy all the conditions of the sideline activity exception to the general disqualification under Section 402(h) of the Law. The Board concludes that the self-employment activity ceased once the claimant became an employee of the employer, and he was acting as an employee when he performed his services related to the CJA appointments. Even if the Board concluded that the self-employment continued during his full-time employment with the employer, the sideline activity did undergo substantial changes. CJA payments previously directed to the employer were paid to the claimant; the claimant purchased his own malpractice insurance, created business cards and letterhead, the claimant also rented a PO Box.

(Board's October 29, 2010 decision.) This appeal by Claimant followed.[4]

---

4. Our scope of review of the Board's decision is limited to determining whether an error of law was committed, constitutional rights were violated or findings of fact were supported by

Under Section 402(h) of the Law, an employee who engages in self-employment is ineligible for benefits unless (1) the self-employment began prior to the termination of the employee's full-time employment; (2) the self-employment continued without substantial change after the termination; (3) the employee remained available for full-time employment; and (4) the self-employment was not the primary source of the employee's livelihood. *O'Hara v. Unemployment Compensation Board of Review,* 167 Pa.Cmwlth. 636, 648 A.2d 1311 (1994). The claimant bears the burden of proving that his activity is non-disqualifying under Section 402(h). *Id.* Claimant contends that the Board erred in denying him benefits because he met all of the above criteria. We agree.

As to the first prong of the test, there is no dispute that Claimant began representing the CJA defendants before he was hired by Employer and Claimant continued to represent those defendants while employed by Employer. Claimant testified that no other attorney in Employer's firm was able to represent CJA defendants because CJA attorneys had to be appointed by the Middle District, and no one in Employer's firm, other than himself, had been appointed. The Board contends that Claimant's sideline business was not self-employment separate and distinct from his full-time employment with Employer because he did not keep the proceeds from the work he did for the CJA program and, therefore, he has not shown that "the self-employment began prior to the termination of his full-time employment." (Board's brief at 9.) However, the checks were made out to Claimant, not Employer, and payment to Employer for Claimant's CJA work was nothing more than a mutual agreement between Claimant and Employer that Employer would be compensated for the services Claimant rendered while on Employer's clock. Additionally, after he left, Claimant retained those clients, not Employer. Most important, though, Claimant's activities in respect to the CJA clients remained the same before, during and after his employment with Employer. Consequently, Claimant met the first prong of the test.

In addressing the second prong of whether self-employment continued without any substantial change, the Board focuses on changes such as Claimant solely retaining the CJA client fees, establishing a new home office, renting a post office box, creating his own letterhead and business cards and obtaining malpractice insurance. In *Dausch v. Unemployment Compensation Board of Review,* 725 A.2d 230 (Pa.Cmwlth.1999), a licensed attorney/certified public accountant who engaged in a sideline legal and accounting practice while employed as an accountant who was then laid off and then continued his sideline business was allowed to collect unemployment because his continued sideline business did not constitute a substantial change after his termination. We held that the mere preparations he had undertaken to expand his sideline business, which included leasing an office space, painting the walls, shelving the leased office space, refinishing furniture, moving into the space, installing a phone system and arranging for advertisements of the business to appear in newspapers and magazines, did not constitute a substantial change in the sideline business. However, in note 7, we stated: "In determining whether a substantial change has occurred in a sideline business, we have focused primarily on whether a claimant is working

substantial evidence. *Frazier v. Unemployment Compensation Board of Review,* 833 A.2d 1181 (Pa.Cmwlth.2003).

in the activity for significantly more hours than he did prior to separation. *See Quinn v. Unemployment Compensation Board of Review*, 67 Pa.Cmwlth. 172, 446 A.2d 714 (1982)." *Dausch*, 725 A.2d at 232, n. 7.

In this case, when asked if there had been any increase in the volume of his sideline employment since his separation from Employer, Claimant responded, "No, it has remained roughly the same." (Reproduced Record at 9a.) When asked how much time he devoted on a daily basis to the practice of law, Claimant testified that it was hard to estimate "because I have a limited number of [CJA] cases. Sometimes very little. Occasionally, when there's something like an appellate brief due, there's a lot. Maybe a couple, three hours a day on the average. Sometimes less, sometimes more." (Reproduced Records at 14a.) Claimant also testified that he currently had 12 cases. Because the test is whether the claimant has worked on the activity for significantly *more hours* than he did prior to the separation, and the only testimony available was from Claimant who stated that his workload remained roughly the same, Claimant also met this prong of the test.

The third prong of the test requires that the claimant remain available for full-time employment, and Claimant testified that since his separation from work, he remained available for full-time work. (Reproduced Record at 9a.) He also testified that he had declined several offers to accept representation outside of a CJA appointment but declined because he was looking for work with a firm. (Reproduced Record at 13a.) He also made it clear that he was not starting his own practice. (Reproduced Record at 14a.) Because Claimant testified that he was available for full-time employment and was looking for a job at a law firm, he met the third prong of the test.

Finally, as to the fourth and final prong, Claimant had to prove that the self-employment was not a primary source of his income. Claimant testified that his sideline job only paid $125 per hour, and that he received a net profit of $10,106 in 2009. (Reproduced Record at 16a.) He also testified that he was being paid $65,000 annually by Employer and when he lost his job with Employer, it resulted in a substantial loss of income. (Reproduced Record at 10a.) Clearly, his sideline job was not a primary source of income at $10,000 a year compared to his law firm job paying $65,000 a year, and Claimant met the fourth prong as well.

Because Claimant proved that his CJA activities were non-disqualifying under Section 402(h), Claimant is entitled to unemployment compensation benefits.

Accordingly, the decision of the Board is reversed.

### *ORDER*

AND NOW, this 23rd day of June, 2011, the order of the Unemployment Compensation Board of Review dated October 29, 2010, at No. B–508461, is reversed.