**William R. RISSE, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 16, 2011.
Decided Jan. 12, 2012.

Joseph A. O'Brien, Clarks Summit, for petitioner.

Paul R. Jordan, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge.

OPINION BY Judge PELLEGRINI.[1]

William R. Risse (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) affirming the decision of the Referee which denied his petition for appeal because he was not engaged in a qualifying sideline activity and was ineligible for benefits under Section 402(h) of the Unemployment Compensation Law (Law).[2] Because the Board erred in determining that Claimant's sideline activity had substantially changed, we reverse the decision of the Board.

Claimant was last employed on a full-time basis by Johnson Controls as an account executive making $68,000 per year. Since 1986 and during the time he was employed by Johnson Controls, Claimant engaged in a sideline business doing writing, photography, consulting, and scriptwriting services under the name "Bill Risse Marketing and Public Relations" (Risse Marketing). When he was terminated from Johnson Controls in October 2009, he applied for and received unemployment compensation benefits. In October 2010, Claimant informed the UC Ser-

---

1. This case was assigned to the opinion writer prior to January 7, 2012, when Judge Pellegrini became President Judge.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h). Under Section 402(h) of the Law, an individual is not eligible for unemployment compensation benefits for any week "[i]n which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity."

vice Center that he had contracted with a Senate campaign to provide consulting services, and his unemployment benefits were suspended. When that consulting work ended on November 5, 2010, Claimant submitted a Claimant Questionnaire seeking to have his unemployment benefits resumed, but the UC Service Center denied that request because it determined that Claimant was self-employed, making him ineligible for benefits. Claimant appealed.

Before the Referee, Claimant testified he had previously worked for several Pennsylvania television stations, including WVIA from 1976 through 1979, WBRE from 1979 through 1983, and then WNEP from 1983 through 1984. He left WNEP to work as the Public Information Director and Director of Community Affairs of Lackawanna County, where he remained until he began working at Johnson Controls in February 2004. He testified that he had a sideline business for the past 25 years and that he did his work at home. He testified that he received $1,300 per month in retirement benefits from Lackawanna County.

Claimant testified that in 2007 and 2008, he had no income from Risse Marketing because Johnson Controls had him working out of town frequently. In 2009, Claimant's consulting work occurred only in the "late spring, early summer." In 2010, he provided service only for Conxx in February and March and worked for the Senate campaign from July through early November. Claimant estimated that he worked approximately 10 hours per week, with fewer hours in July but more hours as Election Day drew nearer. Claimant stated that his income from Risse Marketing was $3,720 in 2009 and $8,000 in 2010.

He testified that he did not seek to expand the business, did not go out and seek new clients, do any marketing, hire any employees, or get an office for Risse Marketing in 2010, and he only worked when he received a call from someone.

■ The Referee found that Claimant was ineligible for benefits under Section 402(h) because his self-employment had substantially changed as Claimant's income from Risse Marketing had more than doubled from 2009 to 2010. Claimant appealed to the Board, which adopted the Referee's decision and affirmed the denial of benefits. This appeal followed.[3]

■ Claimant argues that the Board erred in determining that there was a substantial change in Claimant's sideline business based on the increase in income from the sideline business because the sideline business was handled the same way for 25 years and had not changed since he lost his full-time employment with Johnson Controls.

■ Under Section 402(h) of the Law, to determine whether an individual who engages in self-employment is ineligible for benefits, we must determine whether: (1) the self-employment began prior to termination from full-time employment; (2) the self-employment continued without substantial change after the full-time employment was terminated; (3) the claimant remains available for full-time employment; and (4) the self-employment was not primary source of the claimant's livelihood. *Kress v. Unemployment Compensation Board of Review*, 23 A.3d 632, 636–37 (Pa. Cmwlth.2011) (*quoting Dausch v. Unemployment Compensation Board of Review*, 725 A.2d 230, 232 n. 7 (Pa.Cmwlth.1999)).

---

3. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact were not supported by substantial evidence. *Myers v. Unemployment Compensation Board of Review*, 533 Pa. 373, 625 A.2d 622 (1993).

"Claimant bears the burden of proving that his activity is non-disqualifying under Section 402(h)." *Id.*, at 636 (*citing O'Hara v. Unemployment Compensation Board of Review*, 167 Pa.Cmwlth. 636, 648 A.2d 1311 (1994)).

The only issue in this case is whether Claimant meets the second prong of that test, that is, whether his self-employment substantially changed after his full-time employment ended. In this case, the Board found that Claimant's involvement in his sideline activity substantially changed because of the increase in revenues from 2009 when he earned $3,750 to 2010 when he earned $8,000 and disqualified Claimant from being eligible for benefits.

■ "In determining whether a substantial change has occurred in a sideline business, we have focused primarily on whether a claimant is working in the activity for significantly more hours than he did prior to separation." *Kress*, 23 A.3d at 636–37. We did so because the increase in the claimant's sideline work showed that the claimant was transitioning or had transitioned his sideline activity to full-time work. In *Higgins v. Unemployment Compensation Board of Review*, 45 Pa.Cmwlth. 509, 405 A.2d 1024 (1979), we held that a substantial change occurred where the claimant worked 10 hours every third weekend prior to termination and 40 to 45 hours per week after termination. In *Quinn v. Unemployment Compensation Board of Review*, 67 Pa.Cmwlth. 172, 446 A.2d 714 (1982), we held that a substantial change occurred where a claimant went from working 30 hours per week in his sideline activity to 60 hours per week after termination. To make out then that a sideline activity has changed, Claimant has to show that his sideline activity was not in the process of transitioning to full-time employment.

In this case, Claimant went from zero hours worked in 2007 and 2008 to approximately 10 hours per week for the Senate campaign from July through early November in 2010, and his revenues increased from $3,750 in 2009 to $8000 in 2010. Even though those changes are substantial increases in percentage terms, in the amount of money earned, and the periodic nature of that employment, those increases are not substantial to establish that he was transitioning that sideline activity to full-time employment. That, taken together with the facts that he did not seek to expand the business, did not go out and seek new clients, did no marketing for Risse Marketing in 2010, and only worked when he received a call from someone, established that his sideline business had not substantially changed.

Accordingly because Claimant's sideline business activity did not change, Claimant is not ineligible under 402(h) from receiving unemployment compensation benefits and for those reasons, we reverse the decision of the Board.

### ORDER

AND NOW, this 12th day of January, 2012, the order of the Unemployment Compensation Board of Review, dated May 18, 2011, is reversed.

CONCURRING OPINION BY Judge COHN JUBELIRER.

Although I agree with the majority's conclusion that the Board erred in finding William R. Risse (Claimant) ineligible, I do so for a different reason, and I respectfully disagree with the rationale offered by the majority. I believe that the majority establishes a new standard for determining whether there has been a substantial change in sideline activity under Section 402(h) of the Unemployment Compensa-

tion Law,[1] 43 P.S. § 802(h). This section provides that a claimant will be ineligible for benefits for any week "[i]n which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity." 43 P.S. § 802(h). The majority's statement that "[t]o make out then that a sideline activity has changed, Claimant has to show that his sideline activity was not in the process of transitioning to full-time employment[,]" *Risse v. Unemployment Compensation Board of Review*, 35 A.3d 79, 82 (Pa. Cmwlth.2012), appears to announce a new test for Section 402(h) that, I believe, is not entirely consistent with the plain language of Section 402(h) or the current state of the law.

However, I do not agree with the Board's *sole* reliance on the difference in Claimant's gross earnings between 2009 and 2010 to determine that there was a substantial change in Claimant's sideline business. I note that the record contains tax documents for Claimant's sideline activity from 2004 and 2006 that reveal that his gross earnings from those years were $15,447 and $9,020, respectively. (Schedule Cs for 2004 and 2006, R. Item 3.) Moreover, Claimant testified that his activity in 2010 was consistent with his past work for his sideline activity. (Referee Hr'g Tr. at 9, 11.) Claimant's gross earnings of $8,000 in 2010 are consistent with his earnings from his sideline activity in earlier years, notably 2004 and 2006, and appear to make Claimant's 2009 gross earnings of $3,750 the outlier, rather than the yardstick by which his sideline activity should be measured. In other words I believe that, where there is evidence of multi-year earnings, the Board should not just consider, as it did here, the year immediately preceding the year in question to determine whether a substantial change has occurred. Additionally, the Board argues in its brief that the number of hours Claimant worked between 2009 and 2010 necessarily had to double because his gross earnings doubled and he did not raise his rates. (Board's Br. at 9–10.) Applying the Board's rationale it would appear, when considering *all* of the evidence in the record, which the Board did not, that Claimant's work hours for his sideline activity historically were higher than those in 2009 and 2010. Claimant also testified that his work for the sideline activity occurred almost exclusively in the evenings or at night and that he averaged ten hours per week when he had a marketing job. (Referee Hr'g Tr. at 11.) Given all of these factors, I would conclude that the Board erred in finding Claimant ineligible based *solely* on the increase of earnings between 2009 and 2010.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*.