# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua L. Irvin,               :
             Petitioner        :
                                   :
        v.                        :    No. 1123 C.D. 2020
                                   :    Submitted: May 7, 2021
Unemployment Compensation    :
Board of Review,                 :
             Respondent      :

BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY PRESIDENT JUDGE BROBSON**          **FILED: October 18, 2021**

Joshua L. Irvin (Claimant), *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed a decision of an unemployment compensation referee (Referee), thereby denying Claimant unemployment compensation benefits pursuant to Section 402(h) of the Unemployment Compensation Law (Law),[1] relating to self-employment. For the reasons set forth below, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h). Section 402(h) of the Law provides that an employee shall be ineligible for unemployment compensation benefits for any week:

> In which he is engaged in self-employment: Provided, however, That an employe[e] who is able and available for full-time work shall be deemed not

Claimant was employed as a warehouse worker for Walmart (Employer) beginning in April 2000, and he was self-employed as a realtor beginning in 2013. (Certified Record (C.R.), Item No. 2, at 1-2, 4.) Claimant worked in both capacities until mid-March 2020, when, due to the COVID-19 pandemic (Pandemic), he took a leave of absence from his job with Employer and Pennsylvania Governor Tom Wolf closed non-essential businesses, prohibiting Claimant's work as a realtor. (*Id.* at 2-4, 7-8.) Claimant filed a claim for unemployment compensation benefits effective May 10, 2020. Notably, Claimant alleged in his initial claim that he attempted to file a claim in the Pandemic Unemployment Assistance (PUA)[2] system; however, it prompted him to file in the standard unemployment compensation system because his social security number is associated with an employer. (*Id.* at 8.) Claimant also completed a questionnaire relating to his work as a realtor and attached his 2019 Schedule C Profit or Loss from Business filing with the Internal Revenue Service concerning his realtor income, which reported that Claimant had $62,852 in gross income and $40,986 in net profit for the year. (C.R., Item No. 4.)

---

engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in "employment" as defined in th[e Law] and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. Net earnings received by the employe[e] with respect to such activity shall be deemed remuneration paid or payable with respect to such period as shall be determined by rules and regulations of the [D]epartment[ of Labor and Industry (Department)].

[2] "PUA provides up to 79 weeks of benefits to qualifying individuals who are otherwise able to work and available for work within the meaning of applicable state law, except that they are unemployed, partially unemployed, or unable or unavailable to work due to COVID-19-related reasons." Office of Unemployment Compensation, Pennsylvania's Pandemic Unemployment Assistance Portal, https://pua.benefits.uc.pa.gov/vosnet/Default.aspx (last visited Oct. 15, 2021).

On June 30, 2020, the Altoona UC Service Center (Service Center) issued a notice of determination, finding Claimant ineligible for benefits under Section 402(h) of the Law. (C.R., Item No. 6.) Claimant appealed the notice of determination, and the Referee conducted a hearing at which Claimant appeared and testified to the circumstances surrounding his separation from employment, his real estate activities, and the difficulties he encountered in applying for benefits. (C.R., Item No. 12.) Following the hearing, the Referee issued a decision concluding that Claimant was ineligible for benefits pursuant to Section 402(h) of the Law. (C.R., Item No. 13.) In so doing, the Referee made the following findings of fact:

1. On May 15, 2020, [C]laimant established an initial application for unemployment compensation benefits establishing an Application for Benefits (AB) date of May 10, 2020.

2. From April 2000 through March 15, 2020, [C]laimant worked full-time for [Employer] until taking a leave of absence due to the . . . Pandemic.

3. [C]laimant's separation from employment with [Employer] is not at issue in this appeal.

4. In July 2013, [C]laimant began working as a licensed real estate agent.

5. While [C]laimant works with a real estate broker, [C]laimant sets his own schedule and is considered to be an independent contractor by the real estate broker he works with.

6. [C]laimant did not substantially increase his involvement or activity in his real estate activity after his separation from [Employer].

7. [C]laimant was unable to provide services as a real estate agent from mid-March 2020 through May 15, 2020[,] per the orders of Governor Wolf due to the . . . Pandemic.

8. During the 2019 calendar year, [C]laimant earned $28,167 in his regular employment with [Employer].

3

9. [C]laimant realized a [net] profit of $40,986 from his real estate activity during the 2019 calendar year.[3]

(*Id.* at 1-2.)

The Referee explained that, under Section 402(h) of the Law, a claimant is not ineligible for benefits as a result of self-employment if it qualifies as a sideline activity. (*Id.* at 2.) The Referee further reasoned that, to qualify, the following conditions must be met: (1) the self-employment precedes valid separation from full-time work; (2) it continues without substantial change after separation; (3) the claimant remains available for full-time work after separation; and (4) the self-employment activity is not the primary source of the claimant's livelihood. (*Id.*); *see Kress v. Unemployment Comp. Bd. of Rev.*, 23 A.3d 632, 636 (Pa. Cmwlth. 2011), *appeal denied*, 47 A.3d 849 (Pa. 2012). According to the Referee, the record evidence established that Claimant's real estate activity preceded his separation from full-time work with Employer, his involvement in the real estate activity did not substantially increase following that separation, and Claimant competently testified that he remains available for full-time work. (*Id.*) The Referee, however, determined that Claimant's self-employment as a realtor was his primary source of livelihood. (*Id.* at 3.) In support of this conclusion, the Referee reasoned that Claimant realized a net profit of $40,986 from the real estate activity, which he conducts year-round, that Claimant's gross earnings from his full-time employment with Employer were $28,167, and that the prorated weekly deductible amount from Claimant's benefits would be $788 from Claimant's sideline business

---

[3] In Finding of Fact No. 9, the Referee mistakenly identified the amount listed as Claimant's "gross" profit, not "net" profit. The Board modified Finding of Fact No. 9 "to reflect that the amount listed in that finding was [C]laimant's net profit after deductions, not gross, and that [C]laimant grossed $62,852.00 from his real estate activities." (C.R., Item No. 15, at 1.)

4

activity.[4] (*Id.* at 2-3.) Accordingly, the Referee concluded that Claimant did not meet the sideline activity exception set forth in Section 402(h) of the Law, thus rendering him ineligible for unemployment compensation benefits under that provision.

Claimant appealed the Referee's decision to the Board, which affirmed the Referee's decision. In so doing, the Board adopted and incorporated the Referee's findings of fact, with one modification noted above, and conclusions of law. (C.R., Item No. 15.) The Board further observed that, while Claimant was ineligible for benefits under the Law,[5] he may wish to apply for PUA. (*Id.*) Claimant now petitions this Court for review.

On appeal,[6] Claimant argues that he is entitled to benefits under either the Law or PUA and that he has been unable to receive those benefits due to widely known, ongoing issues with both systems, which are outdated and overtaxed because of the Pandemic. In particular, Claimant notes his frustration with the fact that he was determined to be ineligible for benefits under the Law due to his self-employment and told to apply for PUA, while at the same time he has been unable to apply for PUA because his social security number is affiliated with an employer. Claimant submits that others have been able to receive benefits for being unable to work due to the Pandemic, including individuals who are not in actuality entitled to such benefits, and that he "just want[s] what [he is] entitled to receiv[e]." (Claimant's Brief at 10.)

---

[4] It appears that Claimant's weekly benefit allowance and partial benefit credit combined totaled $400. (C.R., Item No. 1, at 1.)

[5] 43 P.S. §§ 751-919.10.

[6] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

In response, the Board argues that Claimant has waived any issue related to the Board's conclusion that he did not qualify for the sideline activity exception under Section 402(h) of the Law—the basis upon which the Board denied Claimant unemployment compensation benefits—for failing to argue it in his brief, and that Claimant has waived the issues raised in his brief for a failure to raise them before the Board. The Board further notes that, contrary to Claimant's arguments regarding the shortcomings of the unemployment compensation system, that system worked as intended in the instant matter. The Board also argues that, to the extent that Claimant asserts that "fraudsters" have received unemployment compensation to which they are not entitled, this does not mean that Claimant should likewise receive benefits to which he is not entitled. (Board's Brief at 10.)

Upon review, we reluctantly agree that Claimant has waived any issue for appeal. Preliminarily, while Claimant argues that he is entitled to some form of unemployment compensation benefits either under the Law or PUA, it is only Claimant's eligibility for unemployment compensation benefits under the Law that is at issue before this Court. With respect to Claimant's eligibility for those benefits, the Board determined that Claimant's self-employment as a realtor was his primary source of livelihood and, thus, did not qualify for the sideline activity exception under Section 402(h) of the Law, rendering him ineligible for benefits under that provision. On appeal, Claimant presents no argument contesting the Board's conclusion in this regard. It is well settled that "[a]rguments not properly developed in a brief will be deemed waived by this Court." *Rapid Pallet v. Unemployment Comp. Bd. of Rev.*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998). To the extent that Claimant argues that issues with the unemployment compensation system have prevented him from obtaining benefits that he is owed, he did not raise any such

6

issues before the Board, resulting in waiver.  *See Crabbe v. Unemployment Comp. Bd. of Rev.*, 179 A.3d 1183, 1189 (Pa. Cmwlth. 2018) (holding issues not raised in claimant's appeal to Board are waived for purposes of appellate review).  Claimant also fails to identify any such issues with sufficient specificity or otherwise provide legal authority in support thereof to demonstrate that he is entitled to relief.[7]

For the foregoing reasons, we affirm the order of the Board.

P. KEVIN BROBSON, President Judge

---

[7] Insofar as Claimant may be entitled to receive PUA, we note the following.  In its brief to this Court, the Board explains that, while it can neither confirm nor deny Claimant's inability to file for PUA benefits, which are not administered by the Board, "a claimant must be ineligible for regular [unemployment compensation benefits] in order to be eligible for PUA." (Board's Brief at 10 n.4 (emphasis omitted).)  As "it is possible that Claimant cannot apply while his eligibility for the regular claim is still pending and not yet final[, t]he Board suggests that Claimant contact the Department for assistance once his regular [unemployment compensation] claim becomes final."  (*Id.*)

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua L. Irvin, : 
                   Petitioner : 
                                : 
        v. : No. 1123 C.D. 2020
                                : 
Unemployment Compensation : 
Board of Review, : 
                   Respondent : 

## O R D E R

AND NOW, this 18th day of October, 2021, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

 

                                                     

                                       P. KEVIN BROBSON, President Judge