# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terri A. Rieber, : 
              Petitioner : 
               : 
           v. : No. 2424 C.D. 2015
               : SUBMITTED: June 10, 2016
Unemployment Compensation Board : 
of Review, : 
              Respondent : 

BEFORE:  HONORABLE ROBERT SIMPSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**              **FILED: September 23, 2016**

Claimant Terri A. Rieber petitions for review of an order of the Unemployment Compensation Board of Review that determined that she was financially ineligible for benefits pursuant to Sections 404 and 4(*l*)(2)(B) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant filed an application for unemployment compensation benefits with an effective date of May 31, 2015, thereby establishing a base year period of January 1, 2014, to December 31, 2014. During that time period, three different employers paid her as follows:

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 804 (relating to compensation amount), 753(*l*)(2)(b) (relating to self-employment).

| Employers | 1st Quarter 2014 | 2nd Quarter 2014 | 3rd Quarter 2014 | 4th Quarter 2014 | Total Wages Paid |
|---|---|---|---|---|---|
| Optimal WE | $286 | $381 | $209 | $400 | $1279 |
| Pearl Software | $15,176 | $10,523 | $900 | $900 | $27,500 |
| Fitness IN | $380 | $551 | $570[2] | $608 | $2109 |
| | $15,843 | $11,456 | $1679 | $1908 | $30,888 |

Findings of Fact (F.F.) Nos. 2-4. As the chart indicates, Claimant's highest quarter was at the beginning of the year when she earned $15,843 and her total base-year wages were $30,888. *Id*., Nos. 5 and 6.

During the base-year period, Claimant also worked between one to two hours per week as a spin instructor with Posel Corporation (Posel) at the rate of $20 per class. *Id*., No. 7. The record reflects that she earned nonemployee compensation in the amount of $840 during the base year at issue.[3] The Erie UC Service Center found Claimant to be ineligible for unemployment compensation benefits pursuant to Section 401(a) of the Law, 43 P.S. § 801(a), because at least 49.5% of her qualifying wages were not paid to her outside the calendar quarter in which she had the highest wages.[4] Claimant appealed and a referee held a hearing where both parties appeared.

---

[2] Although Finding of Fact No. 4 indicates $5700, that amount is a typo. The Notice of Financial Determination, which Claimant acknowledges is correct, reflects $570. Certified Record (C.R.), Item No. 2, Notice of Financial Determination at 1; Reproduced Record (R.R.) at 1a. In addition, the first and second quarter totals, respectively, equal $15,842 and $11,455. The record reflects that the compensation amounts were rounded such that the change was omitted. *Id*., Item No. 1, Claim Record at 1; R.R. at 12a.

[3] *Id*., Item No. 3, Claimant's 2014 Form 1099 for Posel at 3; R.R. at 3a.

[4] As the Board explained:

**(Footnote continued on next page…)**

Claimant, with counsel, described how she approached Posel about providing spin instructor services and how it required her to produce certifications for spin instruction and CPR proficiency before starting. September 2, 2015, Hearing, Notes of Testimony (N.T.) at 8; Reproduced Record (R.R.) at 34a. Aside from noting that the people at the front desk provided her with student feedback, Claimant testified that Posel did not conduct performance evaluations. *Id*. at 7; R.R. at 33a. Additionally, Claimant stated that Posel paid her every other week by direct deposit, that she received $20 per class, and that she used Posel's equipment. As for scheduling, Claimant testified that Posel first asked what her availability was for the next month and then scheduled her classes. If Claimant had a vacation scheduled, for example, she advised Posel that she would not be available for that time period. *Id*. at 5 and 9; R.R. at 31a and 35a. She further testified that, at the time of her audition, the curve instructor talked to her about the format of the class and touched on the subject of music only to the extent of indicating that it should be fun and not hateful or offensive. *Id*. at 10; R.R. at 36a. Otherwise, Claimant testified that Posel did not tell her how to do things and that she could choose her own music. *Id*. In addition, Claimant testified that, although Posel had no set dress code, she was not to wear the logos of the other gyms where she provided services. *Id*. In that regard, Claimant acknowledged that she provided services to other gyms. *Id*. at 8-9; R.R. at 34-35a.

---

**(continued…)**

Claimant was financially ineligible for benefits because she was not paid at least 49.5% of her wages in a quarter or quarters other than her high quarter. 49.5% of $30,888.00 is $15,289.56. Claimant's wages in the quarters other than the high quarter equal $15,043.00, so she fell $246.56 short of meeting this amount.

Board's Brief at 4 n.3.

Two individuals, without counsel, appeared for Posel as the putative employer: President Ross Goldberg and Ms. Diane Bluestein, the curve instructor. Mr. Goldberg confirmed with Claimant that Posel did not require her to wear certain colors or something with a Posel logo and that she was permitted to choose her own routines. *Id*. at 10; R.R. at 36a. He also submitted into evidence an independent contractor agreement that Claimant had signed and asserted that Posel made an individual's status as an employee or non-employee clear from the onset with that agreement.[5] *Id*. at 11; R.R. at 37a. In addition, acknowledging that Posel gave Claimant an employee handbook, he testified that it gave one to "anyone associated with the club[.]" *Id*. at 11; R.R. at 37a. Finally, he testified that Posel did not set Claimant's hours and that she could determine if and when she wanted to work. *Id*. at 13; R.R. at 39a.

On appeal, the referee rejected Claimant's argument that her income from Posel should have been included in the eligibility computation. Concluding that she was an independent contractor, the referee found as follows: "[A] review of the hearing record reveals the claimant carried out her duties as a spin instructor for Posel Corporation free from direction and control and that she is engaged in an independently established occupation or profession as a spin instructor." September 3, 2015, Decision of the Referee at 2. Accordingly, the referee found her to be financially ineligible for benefits. In affirming, the Board adopted and incorporated the referee's findings and conclusions. Claimant's petition for review followed.

Section 401(a)(1) and (2) of the Law provides that an employee who becomes unemployed shall be eligible to receive compensation when (1) he has been

---

[5] C.R., Item No. 7, Independent Contractor Agreement, September 2, 2015, Hearing, Exhibit E-1.

4

paid wages in his base year as required by Section 404(c) of the Law, 43 P.S. § 804(c); and (2) "not less than [49.5%] of the employee's total base year wages have been paid in one or more quarters, other than the highest quarter in such employee's base year." 43 P.S. § 801(a)(1) and (2). Here, the Board determined that Claimant had not accumulated sufficient wages pursuant to Section 404 of the Law because she provided her services to Posel as an independent contractor. In reaching this decision, the Board relied upon Section 4(*l*)(2)(B) of the Law, which provides:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that-- (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. § 753(*1*)(2)(B).

The purpose of Section 4(*l*)(2)(B) is to exclude independent contractors from coverage. *Beacon Flag Car Co., Inc. v. Unemployment Comp. Bd. of Review*, 910 A.2d 103, 107 (Pa. Cmwlth. 2006). In addition, the burden to overcome the strong presumption that a worker is an employee falls squarely on the putative employer and, in order to prevail, it must satisfy both prongs of Section 4(*l*)(2)(B). *Kurbatov v. Dep't of Labor & Indus.*, 29 A.3d 66, 69 (Pa. Cmwlth. 2011). Whether a claimant is an employee or an independent contractor under this section is a question of law, subject to our review. *Stauffer v. Unemployment Comp. Bd. of Review*, 74 A.3d 398, 404 (Pa. Cmwlth. 2013).

On appeal, Claimant first argues that the Board erred in determining that she was an independent contractor because she was not free from Posel's direction and control and was not engaged in an independently established trade while

employed by Posel. We first examine whether Posel controlled and directed Claimant in her performance. Factors to be considered in this analysis include: whether a fixed rate of pay exists; whether the employer withholds taxes from the claimant's pay; whether the employer provides necessary tools; whether the employer offers on-the-job training; and whether the claimant is expected to attend regular meetings held by the employer. *CE Credits OnLine v. Unemployment Comp. Bd. of Review*, 946 A.2d 1162 (Pa. Cmwlth. 2008). "No one factor is dispositive of the ultimate question of whether the putative employer 'controls' the work to be done and the manner in which it is done." *Id* at 1168.

Our independent review of the record supports the Board's conclusion that Claimant was not under the control of Posel. As the evidence reflects: (1) Claimant was required to produce certifications prior to providing her services; (2) Posel neither trained nor supervised her with respect to her duties; (3) Claimant signed an agreement to work as an independent contractor and received a Form 1099 for federal tax purposes;[6] (4) Claimant was free to accept or reject class assignments; and (5) Claimant was free to work for other companies as an instructor while working for Posel and did so. F.F. Nos. 8, 9, and 11-15.

The second prong of Section 4(*l*)(2)(b) requires an employer to prove that the services provided by an individual are considered an independently established trade, occupation, profession or business. Two important factors in this analysis are: "(1) whether the individual was capable of performing the activities in question for anyone who wished to avail themselves [sic] of the services; and (2)

---

[6] Although the existence of such an agreement is not dispositive of the independent contractor issue, such an agreement is an important factor in determining an individual's status. *Pasour v. Unemployment Comp. Bd. of Review*, 54 A.3d 134, 139 (Pa. Cmwlth. 2012).

whether the nature of the business compelled the individual to look to only a single employer for the continuation of such services." *Beacon Flag Car Co., Inc.*, 910 A.2d at 108-09.

As noted above, Posel did not provide Claimant with training. Rather, she already possessed the requisite skills of the trade when her relationship with Posel began and, indeed, had to present certifications to that effect. Moreover, she was capable of providing her services to anyone who wished to utilize her skills. The Board also found that Claimant was free to accept or reject class assignments scheduled only after Posel confirmed her availability, which is an important factor with regard to both prongs of Section 4(*l*)(B)'s test for whether an employer-employee relationship exists. *Stauffer*, 74 A.3d at 405. In addition, she was free to provide spin instructor services to other companies while working for Posel. We discern no error in the Board's conclusion that Claimant, in this instance, engaged in teaching spinning classes as an independent trade.

Claimant next argues that the Board erred in failing to find that she was engaged in a sideline business pursuant to Section 402(h) of the Law, 43 PS. § 802(h), such that her earnings with Posel should have fallen within the sideline business exception.[7] Although the Board is not contesting the fact that Claimant's

---

[7] Section 402(h) provides that an employee shall be ineligible for unemployment compensation for any week

> [i]n which [she] is engaged in self employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity . . . undertaken while customarily employed by an employer in full time work whether or not such work is in "employment" as defined in this act . . . .

**(Footnote continued on next page…)**

7

work may have met the sideline business exception, none of the decision-making bodies addressed or denied Claimant benefits pursuant to Section 402(h). In addition, even though Claimant raised Section 402(h) in her petition for review to this Court, she did not preserve it below.[8] Accordingly, Claimant waived her right to raise an issue concerning Section 402(h) on appeal.[9]

For the above reasons, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

_____
**(continued…)**
43 P.S. § 802(h). A claimant may not be disqualified due to self-employment if she proves that the endeavor is a "side-line activity," which is established where: (1) the self-employment activity precedes valid separation from full-time work; (2) it continues without substantial change after separation; (3) the claimant remains available for full-time work after separation; and (4) the self-employment activity is not the primary source of the claimant's livelihood. *See Dausch v. Unemployment Comp. Bd. of Review,* 725 A.2d 230, 231 (Pa. Cmwlth. 1999).

[8] The mailing date of the referee's decision was September 3, 2015, therefore requiring that a petition for appeal be filed on or before September 18, 2015. Here, Claimant filed two petitions for appeal to the Board, one timely, with no reference to Section 402(h), and the second one untimely, adding Section 402(h) as a basis for her appeal. C.R., Item No. 9, Claimant's September 16, 2015, Petition for Appeal at 4-5; R.R. at 58-59a, and C.R., Item No. 11, Claimant's September 30, 2015, Amended Petition for Appeal at 3-5; R.R. at 69-71a.

[9] It is well-settled that an issue is waived for purposes of appellate review if it is not raised before both the referee and the Board. *See* Pa. R.A.P. 1551; *Wing v. Unemployment Comp. Bd. of Review*, 436 A.2d 179 (Pa. 1981); *Schaal v. Unemployment Comp. Bd. of Review*, 870 A.2d 952, 954-55 (Pa. Cmwlth. 2005).

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Terri A. Rieber,            :
           Petitioner       :
           :
           v.            :    No. 2424 C.D. 2015
           :
Unemployment Compensation Board    :
of Review,            :
           Respondent    :

# **O R D E R**

AND NOW, this 23rd day of September, 2016, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge